## Case No. 2,010.

### BROWN v. The HENRY PRATT.

[3 Betts, D. C. MS. 41.]

District Court, S. D. New York.   January 10, 1843.

ADMIRALTY—SUIT BY MINOR—GUARDIAN AD LITEM—PRO FORMA PAUPERIS—LIABILITY FOR COSTS.

1. It seems that seamen who are minors over the age of fourteen may sue in admiralty in their own names without a guardian ad litem, at least in suits for wages or salvage.

2. A guardian ad litem in such a case will not be admitted to sue in forma pauperis.

3. Where it is necessary that a guardian be appointed, and the party is not able to produce a responsible person, the court may appoint a standing officer and discharge him of all liability for costs.

At law. In this case the libellant [Frances A. Brown], as guardian ad litem of her son, a minor under the age of twenty one years, and a seaman on board the [ship] Henry Pratt, brought an action against the ship to recover his wages earned on board. The libellant was the only surviving parent. This was an application on petition to be allowed to conduct the suit in forma pauperis. [Denied.]

BETTS, District Judge. The standing rules of this court have extended a broader relief to poor suitors, than is administered according to the usual course of admiralty courts; and the favor is applied indiscriminately to libellants and claimants. See rules 143, 144.

The civil law exacts security from both parties leaving a discretion with the judge to accept as a substitute things in pledge or the oath of the respondent, to appear and abide sentence. Wood, Civ. Law, 386, 387. This is the [practice] of the ecclesiastical court and the English admiralty. Carutt, Eccl. Prax. 87.

The privilege applies in this court to both parties, and, upon proper cause shown, the amount of security will be diminished or dispensed with in behalf of poor persons. Rules 143, 144. It is quite doubtful whether, under the civil law, a minor over fourteen years of age need appear by guardian. He is regarded as puberal, and his appointment of a proctor will be recognized by the courts. Wood, Civ. Law, 345. This court has never recognized the rule that a seaman making contracts for himself, and pursuing his calling without being apprenticed to it, is not competent, after the age of 14, to sue and recover wages in his own name. The oath to services upon which process is granted will be more satisfactorily given by the party who rendered them than by a guardian or next friend, and it would seem a useless formality to bring such third party on the record in suits for wages or salvage, because the habit of the court is to secure the recovery of the party beneficially entitled to it, notwithstanding his non-age. In al-

lowing the privilege to the party to bring his own actions, the court is relieved of the necessity of looking into the competency of the guardian, or deciding what terms they are to be subjected to.

Rule 141 requires guardians ad litem to give security for costs the same as if personally the parties in interest; but it does not follow that they are to be exempted from costs where the party they represent might be so. The privilege of suing in forma pauperis must necessarily be intended for the party pursuing his own interests before the court and not prosecuting in autre droit. The court having prima facie evidence that the suitor has good cause of action or ground of defence in his own affair, but is destitute of means to defray expenses, relieves him personally of that charge. It would be an entire perversion of the spirit of the rule to extend it to those who come in to represent others, and not to vindicate their own rights.

I do not pass upon the proofs in this case, and determine whether or no the libellant is proved to be entitled to exemption from costs, but I put the decision on this: that as a general rule guardians ad litem cannot, in admiralty, be excused from giving the ordinary stipulations, and if it be necessary to assign a guardian by the court, the party not being able to produce a responsible person, the court would confer the trust on some standing officer, and then discharge him of the liabilities for costs.` The motion by the libellant to sue in forma pauperis in this case is denied, but without costs, there being probable ground for the application, and the point of practice being new.